UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-CR-16-HAB |
| | ) | |
| ARTHUR COOPER | ) | |

## OPINION AND ORDER

Arthur Cooper ("the Defendant") filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 69).[1] The Government filed its response to his Motion on July 2, 2020. (ECF No. 73). For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On March 25, 2015, the Defendant was charged in a three count Indictment with being a felon in possession of a firearm (Count 1), possession with intent to distribute a controlled substance (Count 2), and possession of a firearm in furtherance of and carrying a firearm during and in relation to a drug trafficking crime (Count 3).

These charges stemmed from activities during the early hours of February 11, 2015. On that day, a New Haven, Indiana police officer observed a vehicle to be running in the Hometown Inn parking lot. The officer observed the Defendant sleeping behind the steering wheel. After waking the Defendant, the officer found a gun in the Defendant's front coat pocket, a large baggie

---

[1] To the extent the Defendant was seeking a reduction pursuant to the First Step Act ("FSA") and pursuant to this Court's General Order 2020-11, the Court referred the letter to the Northern District of Indiana Federal Community Defenders, Inc. ("FCD") for it to consider representing the defendant with respect to his motion. (ECF No. 69). On June 18, 2020, the FCD filed a Notice indicating that it would not be appearing on the Defendant's behalf. (ECF No. 72). Consistent with the Court's order, the Government responded to Defendant's *pro* se motion. (ECF No. 73).

containing smaller baggies holding 13.5 grams of crack cocaine on the front seat, and a scale with white residue in the center console of the vehicle. (Presentence Investigation Report, ¶¶ 7–10, ECF No. 59). On October 16, 2015, the Defendant pled guilty to Count 2 for possession with intent to distribute a controlled substance, in violation of 18 U.S.C. §841(a)(1). Defendant was eventually sentenced to 144 months of imprisonment and three years of supervised release. (ECF No. 67). The Defendant is currently serving his sentence at FCI Terre Haute.

## DISCUSSION

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further, and he has not done so here. In his motion, the Defendant states

that "[i]t's been more than 30 days and Warden Lammer hasn't responded to my request for a Compassionate Release." (ECF No. 69). The Government, having missed this statement in his letter, states in its brief, "Cooper's letter makes no mention of, nor does he provide any proof that he has exhausted his administrative remedies." (ECF No. 73 at 9). Later, the Government indicates that "as of June 24, 2020, Cooper has filed no RIS (Reduction in Sentence) requests with the warden at FCI Terre Haute nor has he filed any administrative remedies since he has been incarcerated." (ECF No. 10).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[2]

This is not the first compassionate release case before the Court where a Defendant's representations (sometimes accompanied by supporting documentation) and the Government's representations (based on information obtained from the BOP) have not meshed. However, this Court has repeatedly declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country

---

[2] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

3

are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Instead, this Court's preference has been to "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5.  This case is no different.

The Defendant asserts that he is 68 years old and in a high-risk category for contracting COVID-19. He indicates that he suffers from "chronic conditions," but presents no evidence as to what those conditions are or how they are presently being managed. He claims he is more than halfway through his sentence, he fears dying from the virus, and that there have been COVID-19 cases at his facility.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the

Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).!

In this case, the Defendant's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting his motion. The Defendant has not articulated any medical condition that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19. Neither the Defendant nor the Government have filed any medical documentation from which the Court could draw a conclusion that the Defendant suffers from any chronic medical condition.

5

Defendant has identified his age as a factor warranting a reduction in sentence. It is true that at age 68, Defendant falls within the 65-year-old threshold set by the Centers for Disease Control and Prevention (the "CDC") regarding risk for severe illness from COVID-19 based on age. *See People at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. However, his age alone without any underlying medical condition making him more likely to experience serious complications from the disease, does not support a finding that extraordinary and compelling reasons require a reduction in her sentence. *See United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) (observing that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner"); see also, *United States v. Haney*, No. 19 Cr. 541, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (finding fact that defendant was 61 years old insufficient by itself to establish extraordinary and compelling reasons justifying a sentence reduction); *United States v. Sattar*, No. 02 Cr. 395, 2020 WL 3264163, at *2 (S.D.N.Y. June 17, 2020) (concluding the same where defendant was 60-years-old).

As for his confinement, as of the date of this Opinion and Order, FCI Terre Haute is reporting zero COVID-19 positive inmates, one recovered inmates and one inmate death.[3] Thus, there is no evidence to suggest that the conditions at FCI Terre Haute place him at a significant risk. *See, Melgarejo*, , 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the

---

[3] https://www.bop.gov/coronavirus/

virus."), *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited July 27, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The minimal number of cases at this institution is a testament to the BOP's mitigation and safety efforts.

Finally, with respect to the § 3553(a) factors, the Court observes that the Defendant has served between 44% and 52% of his sentence depending on whether the Court considers the full term sentence (with a release date of February 10, 2027), or his good time credit sentence (with a release date of May 3, 2025). This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The presentence report details over 50 years of criminal history attributable to the Defendant involving firearms and drugs. Based on this history, the Defendant was designated a career offender at the time of his sentencing. Thus, the Court finds that the significant sentence reduction Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 69) is DENIED.

So ORDERED on August 20, 2020.

> s/ *Holly A. Brady*
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT