# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:15-CR-16 |
| ) | |
| ARTHUR COOPER ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Defendant Arthur Cooper has filed a motion/letter with the Court requesting the appointment of counsel. (ECF No. 81). On June 3, 2020, the Defendant originally moved for appointment of counsel to assist him in filing a request for compassionate release. (ECF No. 69). In response, this Court invoked its General Order 2020-11 and referred the Defendant's request to the Northern District of Indiana Federal Community Defendant ("FCD") to "consider representing the Defendant with respect to the Motion." (ECF No. 71). Thereafter, the FCD filed a Notice on Non-Representation indicating that it would be unable to assist the Defendant. (ECF No. 72).

To the extent the Defendant's original motion for appointment of counsel could be deemed a request by him for compassionate release, the Court denied this motion on August 20, 2020. (ECF No. 74). On September 11, 2020, the Court received an electronic copy of the Defendant's medical records and, on September 14, 2020, the Court received the Defendant's Motion to Reconsider the Court's denial of his compassionate release request. (ECF Nos. 75–77). Finding that the Defendant did not meet the requirements for compassionate release, the Court denied the Defendant's motion to reconsider on November 23, 2020. (ECF No. 80). Now, the Defendant

again seeks appointed counsel so that his "motion can be heard again with a functioning attorney." (ECF No. 81).

The Criminal Justice Act (CJA), codified at 18 U.S.C. § 3006A, governs appointment of counsel in criminal cases. Under the CJA, "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). The ability of a defendant to bring a motion for compassionate release under § 3582(c)(1)(A) is relatively new, but the Seventh Circuit Court of Appeals has previously determined that a motion under § 3582(c) is not an "ancillary matter" such that the CJA mandates appointed counsel. *See United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so."). Whether to appoint counsel is a matter for the Court's discretion.

In this case, the Court referred Defendant's case to the FCD to consider filing a brief on Defendant's behalf, but the FCD declined to file such a brief. *See* ECF Nos. 71, 72. Under the circumstances, the Court exercises its discretion and finds that appointment of counsel is not warranted. Accordingly, the Defendant's motion for the appointment of counsel (ECF No. 81) is DENIED.

SO ORDERED on December 7, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT